### GREIST v GREIST

Ohio Appeals, 9th Dist, Summit Co

No 2594. Decided June 28, 1935

D. W. Baker, Akron, for plaintiff in error.
Frank E. Steel, Akron, and Dally, Locke & Miller, Akron, for defendant in error.

NICHOLS, J, (7th Dist) sitting by designation in place of WASHBURN, J.

**OPINION**

By STEVENS, J.

The sole question presented is whether an alimony award, in a definite and determined amount, entered by agreement of the parties in a divorce and alimony action, with the approval of the trial court, is a debt which is dischargeable in bankruptcy.

Section 17 of the bankruptcy act, as amended in 1903, provides as follows:

"(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child * * *."

In Wetmore v Markoe, 196 U. S. 68, the Supreme Court of the United States said:

"The amendment of February 5, 1903 (§17 bankruptcy act, supra), 'excepting decrees of alimony from the discharge in bankruptcy' was not new legislation creating a presumption that such decrees were not excepted prior thereto, but was merely declaratory of the true meaning and sense of the statute as originally enacted."

The case of Heimberger v Joseph, Trustee, etc., 55 Fed. (2d) 171, decided by the U. S. Circuit Court of Appeals for the Sixth Circuit, seems to us to be decisive of the question here presented.

There the court held that, where a divorce decree was in affirmation of an alimony settlement contract, the trial court had no reserved power to change the alimony, and that a bankrupt's note given for alimony in arrears, under a decree which could not be changed, was provable in bankruptcy under the bankruptcy act, §17, as amended in 1903. It was therein further stated that said claim for alimony, being provable, was entitled "to receive dividends, and the remainder unpaid was to continue unaffected by the discharge."

The claim for alimony herein being, under authority of the above case, a nondischargeable, although provable, debt in bankruptcy, an adjudication in bankruptcy did not affect plaintiff's liabilitiy to pay alimony in accordance with the order of the trial court.

The judgment will be affirmed, with exceptions to plaintiff.

FUNK, PJ, and NICHOLS, J, concur in judgment.