## REED v REED

Ohio Appeals, 2nd Dist, Franklin Co

No 2552. Decided Sept 26, 1935

D. B. Ulrey, Columbus, and P. M. Ashbaugh, Columbus, for plaintiff in error.

Marshall & Marshall, Columbus, for defendant in error.

## OPINION

By BODEY, J.

It is claimed on behalf of the plaintiff in error that the order made by the court in the divorce proceedings was not an order for alimony, and that, unless it was an order for the payment of alimony, the defendant in that case, who is plaintiff in error here, would be absolved from the payment of the notes to F. M. Runyon by reason of his bankruptcy proceedings. The trial court in entering the decree of divorce did not use the word 'alimony' or any other noun descriptive of the allowance which was being made to the wife. Counsel for the plaintiff in error make reference to this fact and also contend that the action of the court in the divorce case amounted to a division of the property of the parties.

It is said in the case of **Durham v Durham, 104 Oh St, page 7,** that,

"It must be confessed that the legislature had used the term (alimony) in a more extensive sense than defined by the lexicographers or the courts. All of the dictionaries define 'alimony' as maintenance, nourishment or means of support."

In the same opinion we find the following language:

"In the divorce the trial court is given a wide latitude of discretion in the allowance of what the statute terms alimony, the court being permitted upon finding who is the aggressor to award the one aggrieved either a share of the other's property, or alimony out of real or personal property, based not only upon requirements of support and maintenance, but with regard to the property which came to one or the other by marriage, and the value of the real and personal estate held by such person at the time of divorce."

It is the view of the court that this latter quoted language properly sets forth and prescribes the trial court's power to dispose of the property of the parties in divorce actions. Whether or not the allowance to the defendant in error, which was made by the court in the divorce proceeding, bore a designated title, the same must have been set off to her by reason of the provisions of §§11990 and 11991 GC. These sections read as follows:

"Sec 11990 GC. When a divorce is granted because of the husband's aggression, the court shall, if the wife so desires, restore to her any name she had before such marriage, and allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time of the divorce."

"Sec 11991 GC. Such alimony may be allowed in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or installments as the court deems equitable."

It will be noted that no reference is made in either of these sections to a division of the property of the parties. It seems from the language of this legislative enactment that anything that is allowed to the wife under these sections is granted to her as alimony, and this is true although the allowance may be made in real or personal property, or both, or by decreeing to her a sum of money. It will be further noted that these sections apply only to an allowance to the wife when she is granted the decree on the aggression of her husband. §11992 GC, although it carries a caption of "Husband's Alimony," bears upon the question only of a division of property when the decree is granted to the wife upon her husband's aggression. In §11993 GC we

have the reverse of the situation contained in the preceding sections. In other words, when a decree is granted to the husband for his wife's aggression, he may be allowed alimony out of her estate, or the court may set off to her a share of her husband's real or personal property. It would appear from an examination of these sections that whenever money or property is set off to a wife or a husband because of the aggression of the other, the same is classed as alimony. It would further appear that a division of the property may be made only when the property is owned by the person securing the decree. Reference to the section in the same chapter upon the allowance of temporary alimony, which is §11994 GC, would indicate that such an allowance should be made in money, either in bulk or in installments. However, the court is not limited in this respect. Temporary alimony may be allowed in property if desired by the court.

Now, let us briefly refer to §§11997 and 11998 GC. The first section grants to the wife the right of filing a petition or a cross-petition for alimony alone and sets out the grounds therefor. The next section, to-wit, §11998 GC, prescribes the duties of the court upon hearing and proof of any of the charges contained in the wife's pleading. Note the language of this section:

"Upon satisfactory proof of any of the charges in the petition, the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, **and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."** (Black face ours).

The kind of property which may be awarded to the wife in an alimnoy proceeding alone under this section is exactly the same as that which may be granted in a divorce case under §11991, GC, supra. Therefore, under the statutes of Ohio the word 'alimony' has but one meaning. Further, when allowance of alimony is made by a court the award may be in either money or property, or both. In the particular decree on which this action is based, this court holds that the approval by the trial court of the postnuptial contract constituted an allowance of alimony to the wife. The major portion of the agreement had to do with the payment of money. This part of the decree could not in any wise be

denominated a division of property. True, another provision gives to the defendant in error certain household goods and divests plaintiff in error of his dower in two portions of real estate. Since this decree was granted upon the aggression of the husband, it is the court's opinion that the only thing which could have been allowed to the wife under the sections above quoted was alimony. In awarding alimony, the court, if it found the agreement of the parties to be fair, just and reasonable, could approve such agreement and adopt it as its own allowance. This could be done under any designation. Had the court in its decree denominated its action as "a division of property," nevertheless it would have been "alimony" under the statute. We believe that this conclusion is inescapable. It was held in the case of **Lemert v Lemert, 72 Oh St, 364,** that

"A money decree for alimony rendered in a proceeding for divorce and alimony is not a provable claim under the bankruptcy statute of the United States of July 1, 1898. Hence a discharge in bankruptcy does not work a satisfaction of such decree."

The bankruptcy statutes of the United States have not been changed in this particular since July 1, 1898.

It being the view of the court that this was a money decree for alimony, it follows that in our view the plaintiff in error did not discharge himself from liability to his wife on the F. M. Runyon notes by his bankruptcy proceedings. It was his obligation to save her harmless. This he has not done. There is therefore no error in the judgment of the lower court, and the same will be affirmed.

BARNES, PJ, and HORNBECK, J, concur.