## SCHINDLER, Plaintiff-Appellant, v SCHINDLER, Defendant-Appellee.

Ohio Appeals, Seventh District, Geauga County.

No. 260.   Decided February 23rd, 1946.

Phillip Bartell, Cleveland, for plaintiff-appellant.
Bostwick & Bostwick, Chardon, for defendant-appellee.

### OPINION

By PHILLIPS, J.

The parties to this appeal were married on the twentieth day of October, 1913, and raised three children, all of whom have reached their majorities.

On August 14, 1944, plaintiff sued defendant for divorce and alimony.  On June 2, 1945, the trial judge granted plaintiff a divorce from defendant on her amended petition on the grounds of gross neglect of duty, "ill treatment, and abandonment," dismissed defendant's cross petition for divorce against the plaintiff; found that the parties were owners in equal shares of a farm situated in Hambden Township, Geauga

County, Ohio, stock, tools, farming implements and harness; that the parties were joint beneficiaries of two one thousand dollar life insurance policies on the lives of their children Agnes and Albert respectively; that plaintiff had in her possession $4,500.00 in United States Bonds, Series, E, which were issued in the names of both of the parties as co-owners; that defendant had in his possession stock in Light Alloys Manufacturing Company issued in his name; ordered, adjudged and decreed that each of the parties retain an undivided one-half interest in such farm; that in the event the parties were unable to divide the stock, tools, farming implements, harness and other such equipment jointly owned prior to the sale of such farm, or agree as to the disposition of the same, that such equipment be sold by the Sheriff of Geauga County as on execution and the proceeds be divided equally after payments of expenses and costs of such sale, and any increased costs therein, and that "each of the parties have as his or her sole and separate property all other property rights and choses in action now in possession of either party" and not specifically mentioned in the journal entry; that plaintiff have as her "sole and separate property" all of the household goods and "furniture now in the house where she lives, all of the produce, crops and grains now on said farm together with two thousand seven hundred ($2,700.00) dollars maturity value of bonds now in her possession," and the policy of insurance on the life of Agnes Schindler; that defendant "have as his sole and separate property" the "stock in Light Alloys Manufacturing Company, together with one thousand eight hundred ($1,-800.00) dollars maturity value of United States Series E Bonds," and the policy of insurance on the life of Albert Schindler, and that defendant deliver such bonds and insurance policy to him immediately. And finally ordered, adjudged and decreed that "the above division of the property of the parties be the full and final division and settlement of the property rights of the parties, and upon the entry of this decree and in compliance with the orders hereinbefore set forth neither party shall have any further claim in the property of the one party by way of support, dower, distributive share or in any manner arising out of the marital relationship."

On June 16, 1945, plaintiff filed a notice of appeal on questions of law and fact, and on June 22, 1945, filed a motion for a new trial and "for review and rehearing on court's order as to alimony and division of property," which motion on hearing of defendant's motion filed July 2, 1945, the trial judge ordered stricken from the files "on the grounds that the same was not filed for twenty days after the entry of decree in said cause,"

and who thereafter refused to permit plaintiff to introduce testimony on affidavits with reference to being unavoidably prevented from filing such motion within the statutory time.

The defendant's motion to dismiss her appeal as filed was sustained by this court and the words "and fact" were ordered stricken therefrom and plaintiff allowed not to exceed thirty days within which to have a bill of exceptions prepared, allowed and filed, and the case was thereafter argued, submitted and will be determined as an appeal on questions of law. See Bennett, Appellee, v Bennett, Appellant, 134 Oh St 330, citing Marleau v Marleau, 95 Oh St 162, 115 N. E. 1009, and Durham v Durham, 104 Oh St 7, 135 N. E. 280, Robertson, Appellee, v Robertson, Appellant, 61 Oh Ap 458 at 460.

The pleadings, and the undisputed evidence which we have a right to review for the purposes stated herein (see Giglio v Lasita, 73 Oh Ap 207; Webb v Champion Coated Paper Company, 68 Oh Ap 546) disclose that the parties jointly owned a farm, tools and equipment, harness, stocks and crops, to which reference is made in the journal entry of the trial judge, and that defendant owned United States War Bonds, stock in Light Alloys Manufacturing Company, household furniture and furnishings, and money in bank and cash in the amount of $4700.00, $680.00, $750.00 and $750.00 respectively.

Counsel for defendant conceded in oral argument, and admitted by brief, that under the provisions of §11990 GC, it was the mandatory duty of the trial judge in this case to allow plaintiff alimony, as urged by counsel for plaintiff, but contends that it was discretionary with him to allow her such alimony out of defendant's property as he "deems (ed) reasonable" as provided in the foregoing section of the General Code, and that the trial judge could allow all of such alimony in personal property as he "deems it equitable" as provided in §11991 GC (see Stuart v Stuart, 15 Abs 535), and claims that the trial judge allowed plaintiff alimony out of the defendant's property.

Assuming, but not deciding, that the concession and admission of counsel for plaintiff are correct, regardless of what the trial judge called the property of defendant which he decreed to plaintiff for her sole use the character of such allowance was not changed thereby and from the pleadings and plaintiff's own testimony we have no difficulty reaching the conclusion that the trial judge allowed plaintiff alimony out of defendant's property, which disposes of plaintiff's assigned grounds of error that the trial judge erred in failure (sic) to award appellant any alimony as such, nor in "ordering a division of the property by awarding the plaintiff no alimony for

her sustenance." See **Reed v Reed, 20 Abs 491.** Since, as shown in the factual statement of this opinion, and for the reason hereinafter stated, we cannot weigh the evidence, we cannot say whether the amount allowed was reasonable and equitable under the evidence.

The transcript of the docket and journal entries shows upon its face that plaintiff's motion for a new trial was not duly filed, and plaintiff concedes that accordingly we cannot, and we will not, weigh the evidence. See §11578 GC. See also Giglio v Lasita, supra; Webb, Appellee, v The Champion Coated Paper Co., Appellant, supra. Considering the bill of exceptions for the purposes we have a right to consider it, the pleadings and the papers in this case submitted to us for review and the law controlling this appeal we cannot reach the conclusion at which counsel for plaintiff asks us to arrive, namely that the trial judge erred in "awarding appellee alimony out of the property and possession of the appellant without any prayer therefor in the appellant's cross-petition"; in "ordering appellant to turn over to appellee bonds in her possession"; nor erred nor abused his discretion "in refusing to permit appellant to introduce testimony on affidavits filed in connection with a motion for new trial, nor in ordering appellant's motion for a new trial stricken," as urged by plaintiff.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.