**FREDERICKS, Plaintiff-Appellant, v. FREDERICKS et, Defendant-Appellees.**

Ohio Appeals, Seventh District, Columbiana County.

No. 738.   Decided June 15, 1956.

Hunston, Atkinson & Lower, Salem, for plaintiff-appellant.

Caplan & Caplan, Salem, for defendant-appellee, Elizabeth Gay Fredericks.

Metzger, McCorkhill & Metzger, Salem, for defendant-appellee, Kathryn Day.

## OPINION

By NICHOLS, J.

In this divorce case instituted in the Court of Common Pleas of Columbiana County by John W. Fredericks against Elizabeth Gay Fredericks and certified by that court to the Juvenile Court of Columbiana County (the custody of children being involved), (Sec. 3109.06 R. C.), the defendant, Elizabeth Gay Fredericks, filed her answer and cross petition seeking divorce, custody of the minor children and alimony.   Thereafter John W. Fredericks withdrew his petition.

In the Juvenile Court one Kathryn Day filed a cross-petition in which she alleged that she had loaned money to the husband and wife and had advanced money for their benefit for the purpose, among others, of buying furniture, and Kathryn Day prayed the Juvenile Court to award her the possession of such furniture or in the alternative to award her a judgment in the amount of $1,984.00, the amount of money she claimed to have advanced for the benefit of the husband and wife.

The Juvenile Court granted a divorce to the wife on the ground of gross neglect of duty, awarded custody of the minor children to the wife, and ordered the children placed in a home subject to visitation by the husband and wife at separate times.

The Juvenile Court also awarded to the wife as alimony all of the household goods and furniture, being the same furniture for which Kathryn Day had furnished the money.

The Juvenile Court also made the following order:—

"Judgment is rendered in the amount of $1984.00 plus interest in favor of Kathryn Day on her cross-petition, and that the plaintiff, John W. Fredericks, is hereby ordered to assume and pay the same and to save the said Elizabeth Gay Fredericks harmless from the payment thereof."

By reason thereof the wife subsequently filed her motion to cite John W. Fredericks for contempt, alleging as ground therefor that the husband had failed to pay the "judgment" and save her harmless, as ordered by the Juvenile Court.

The husband answered such contempt proceedings by alleging that he had gone into bankruptcy subsequent to the order of the Juvenile Court and had been discharged from the debt described as a judgment.

The Juvenile Court held that the discharge in bankruptcy did not release John W. Fredericks from the obligation to pay that judgment, basing his decision upon the finding that the order was an order for the payment of alimony and not dischargeable in bankruptcy. However, the Juvenile Court dismissed the motion for contempt and discharged the plaintiff for the following reasons:—

"However, no evidence was introduced nor was there any evidence before this court that any attempt has been made to collect said judgment from the defendant or that she has been called upon to pay said judgment. In the absence of such evidence, there is no contempt of court, and until such time as the defendant has been 'harmed' and so can request the court to enforce its order, the plaintiff can not be in contempt of court.

"The motion of the defendant to cite the plaintiff for contempt of court is therefore discharged."

Since the Juvenile Court found John W. Fredericks not guilty of any contempt of that court for the reasons stated, this court concludes there is no basis for disturbing that finding and the same is therefore affirmed.

GRIFFITH, J, concurs.
PHILLIPS, PJ, concurs in judgment.

### CONCURRING OPINION

By PHILLIPS. PJ.

This opinion was assigned to me for preparation and written originally as a majority opinion. But my associates have released an opinion which I must consider the majority opinion. Accordingly this opinion is released as a concurring opinion.

Plaintiff sued defendant for divorce and custody of minor children. Under authority of §3109.06 R. C., the case was certified to the Juvenile Court. Defendant filed a cross-petition in which she prayed that plaintiff's petition be dismissed; that she be granted a divorce on her cross-petition, custody of minor children, and alimony. By leave of court Kathryn Day filed a cross-petition in which she sought to recover the value or return of furniture she had supplied the parties by loaning

them the money with which to purchase it and "for paying rent and other indebtedness."

Plaintiff having withdrawn his petition in open court, on November 5, 1953, the judge of the Juvenile Court of Columbiana County granted defendant on her cross-petition, a divorce on the grounds of gross neglect of duty and extreme cruelty, legal custody of the minor children of the parties but placed their physical custody in a home approved by the Columbiana County Welfare Department and granted the right of visitation to each party at separate times, and awarded her all of the household goods and furniture, and further ordered that:—

"* * * a judgment is rendered in the amount of $1984.00 plus interest in favor of Kathryn Day on her cross-petition and that the plaintiff, Jack Fredericks, is hereby ordered to assume and pay the same and to save the said Elizabeth Gay Fredericks harmless from the payment thereof."

On February 3, 1954, plaintiff filed a voluntary petition in bankruptcy, on which he was subsequently discharged as a bankrupt. In that proceedings he listed his indebtedness to defendant, Kathryn Day, which indebtedness he claimed was discharged by the bankruptcy proceedings.

On hearing of the motion of defendant, Elizabeth Gay Fredericks to cite plaintiff for contempt of court for not obeying the order of the trial court quoted supra with reference to the judgment of defendant Day the trial judge held plaintiff in contempt of the Juvenile Court of Columbiana County.

On rehearing such motion the trial judge held that plaintiff was not in contempt of court for the reason that since defendant, Elizabeth Gay Fredericks, had not been called upon to pay the obligation upon which the contempt proceedings were bottomed plaintiff, John W. Fredericks, had not disobeyed the court's order to save defendant, Elizabeth Gay Fredericks, harmless, and held that the judgment of defendant Day was discharged by plaintiff's proceedings in bankruptcy but that the personal order against the plaintiff in favor of the defendant, Elizabeth Gay Fredericks, was not discharged since it was an order for alimony.

From that finding and the judgment entered thereon plaintiff appealed to this court on questions of law.

By "introductory explanation" in his brief counsel for defendant, Kathryn Day, states:—

"Plaintiff-appellant sets forth questions, one through five. These questions parallel his assignments of error. To avoid confusion, our brief will follow the order of the questions of the plaintiff-appellant's brief."

I will dispose of plaintiff's assigned grounds of error and his questions presented in the order presented and argued by plaintiff and answered by defendant, Kathryn Day.

By his assigned grounds of error plaintiff contends that there is error prejudicial to plaintiff's substantial rights in the Juvenile Court's decree of December 23, 1955, in that:—

"1. The Juvenile Court found and adjudicated that the purported judgment of $1,984.00 rendered in favor of defendant Kathryn Day in the ninth paragraph of the decree of divorce entered November 5, 1953,

in its Journal 3, page 280, is a judgment against defendant Elizabeth Gay Fredericks (now Gabriel) and is now due and owing from her.

"2. The Juvenile Court found and adjudicated that the part of the ninth paragraph of said divorce decree which orders said plaintiff 'to assume and pay' said judgment, 'and to save the said Elizabeth Gay Fredericks harmless from the payment thereof,' was an award of alimony to defendant Elizabeth Gay Fredericks, and was not discharged by said plaintiff's bankruptcy or the appearance of Elizabeth Gay Fredericks in the bankruptcy proceedings.'

"3. The Juvenile Court found and adjudicated that 'plaintiff John W. Fredericks still owes a duty, under the ninth paragraph of the decree of divorce, to save defendant Elizabeth Gay Fredericks harmless from the payment of the judgment against her, and that the rights of Elizabeth Gay Fredericks under said decree are unaffected by plaintiff's discharge in bankruptcy.'

"4. The Juvenile Court misconstrued and misapplied Title 11, U. S. Code, Section 35 (a) (2) and 103.

"5. The Juvenile Court erred prejudicially to plaintiff in other respects manifest from the face of the record."

Plaintiff claims that the questions presented are:—

"1. Does the Juvenile Court have jurisdiction, in a divorce case certified there from the Court of Common Pleas, to permit persons who claim to be creditors of the husband or wife, or both, to intervene in the divorce case in the Juvenile Court and conduct their litigation with the estranged spouses in that forum—and, having permitted alleged creditors to intervene in the divorce case, does the Juvenile Court have jurisdiction to render judgment either for or against the alleged creditors?

"2. Where the entry on a court's journal provides, 'it is further ordered and decreed that a judgment is rendered in the amount of $1,984.00 plus interest in favor of Kathryn Day on her cross-petition,' and further provides that 'the plaintiff, Jack Fredericks, is hereby ordered to assume and pay the same and to save the said Elizabeth Gay Fredericks harmless from the payment thereof,' is it possible to determine with certainty, from said court's journal, against what person or persons the purported judgment has been rendered? And, if not, has a judgment been rendered against anybody?

"3. Where a decree orders one party to 'assume and pay' a certain purported judgment, 'and to save * * * (another party) harmless from the payment thereof,' is this a mere 'personal order' against the party ordered to pay the purported judgment, which only the court that made it can enforce against him? Or, does it impose upon him an absolute guaranty of the other party against liability on said purported judgment, upon which guaranty the other party can sue the party ordered to pay the purported judgment in any court of appropriate jurisdiction anywhere?

"4. Where an obligation 'to assume and pay' a purported judgment, 'and to save another harmless from the payment thereof,' is imposed upon a person by judicial decree, is the obligation a provable debt under Title 11, U. S. Code, Section 103a (1), (4) or (8)?

"5. Where a decree of divorce imposes upon one spouse an obligation 'to assume and pay' a purported judgment, 'and to save * * * (the other spouse) harmless from the payment thereof,' is the obligation thus imposed 'alimony' within the meaning of that word as used by Congress in Title 11, U. S. Code, Section 35a (2)?"

Defendant Day was a proper party defendant. See 17 American Jurisprudence, Page 293, Section 277; and §§3105.19 and 3105.20 R. C.

In his second assigned ground of error and question presented plaintiff attacks the quoted judgment of $1,984.00 in favor of defendant Day on the ground of uncertainty, which he contends is void by reason thereof.

Since by reason of the provisions of §§2325.10 and 2505.07 R. C. the limitation for raising the question being discussed has expired the question need not be considered, yet clearly and certainly the trial judge ordered a judgment in favor of defendant Day and defined and ordered the discharge of the duty of plaintiff to Defendant, Elizabeth Gay Fredericks.

In his third assigned ground of error and question presented plaintiff argues that his duty to defendant, Elizabeth Gay Fredericks, arises from a judgment and is not a direct command, which he bases upon the following language in the opinion of the trial judge:—

"This is not a personal debt due her. If it were, she could have asked in the Bankruptcy Court to participate in the estate of John Fredericks placed with the Trustee in Bankruptcy that may have been determined under the decision in Bankruptcy Court to be her share. Could she in the instant case? No. All she has is an order of the Court to John Fredericks to see that she is made whole if called upon to pay this debt. It is a mere personal right to ask the Court to enforce its order. It is distinguished from a judgment which is defined on page 200 of Words and Phrases under alimony as follows: 'An ordinary "judgment" does not order defendant to pay anything, but simply adjudicates amount owing, while an award of "alimony" though partaking of nature of a judgment, goes further and is a direct command to defendant to pay the sums therein mentioned.' Thus the defendant has only a 'direct command' to the plaintiff to do a certain thing, to-wit: 'Save her harmless from this debt.' This can only be an alimony award not affected by Bankruptcy.

"In the instant case there is direct commitment to Jack Fredericks to do a certain thing, not merely as part of her alimony but to see that the defendant is not called upon to pay the judgment returned, from money borrowed from Kathryn Day to buy furniture. This can all mean that it is an alimony award to the defendant, and therefore it is not discharged by the bankruptcy. There is no debt owed to Gay Fredericks contingent or otherwise by John Fredericks for which the discharge in bankruptcy could operate. If Kathryn Day never enforces her judgment against Gay Fredericks, John Fredericks would never be in contempt for not paying the same. The order to him as far as the defendant is concerned is to see that she is not 'harmed' by being compelled to pay out the same. It is a personal order against the plaintiff in favor of the defendant and therefore cannot be discharged by the bankruptcy."

Whether or not the opinion is couched in the precise language counsel for plaintiff would have used is not material. My conclusion is that the trial judge reached a correct conclusion, and that plaintiff's duty toward defendant, Elizabeth Fredericks, is a direct command.

In his fourth question presented, which like counsel for defendant, Kathryn Day, I believe merges with question five and will be so considered, plaintiff debates the question whether the obligations created by the decree of the trial court of November 5, 1953, are provable in bankruptcy.

The finding of the Juvenile Court to save Elizabeth Gay Fredericks harmless from the payment of $1,984.00 to Kathryn Day was an alimony award, and as such cannot be discharged in bankruptcy. National Bankruptcy Act, Title 11, Section 35.

The decree of the court ordering plaintiff to personally assume and pay the judgment of $1,984.00 to Kathryn Day as such is a provable debt and could be discharged in bankruptcy.

In the decision of the Juvenile Judge denying the motion for contempt and discharging plaintiff the trial judge said, in which statement I concur:—

"However, no evidence was introduced nor was there any evidence before this court that any attempt has been made to collect said judgment from the defendant or that she has been called upon to pay said judgment. In the absence of such evidence, there is no contempt of court, and until such time as the defendant has been 'harmed' and so can request the court to enforce its order, the plaintiff cannot be in contempt of court.

"The motion of the defendant to cite the plaintiff for the contempt of court is therefore discharged."

In the fifth question presented plaintiff argues:—

"Where a decree of divorce imposes upon one spouse an obligation 'to assume and pay' a purported judgment, 'and to save * * * (the other spouse) harmless from the payment thereof,' is the obligation thus imposed 'alimony' within the meaning of that word as used by Congress in Title 11, U. S. Code, Section 35a (2)?"

In my opinion the pertinent question is whether or not the decree of November 5, 1953, is a decree for alimony or support.

Alimony is defined in **14 O. Jur., Page 459, Section 69**, as:—

"Alimony under the Ohio Statutes comprehends a division of property accumulated by the joint efforts of the husband and wife during their domestic partnership, as well, as an allowance for separate maintenance and support in the nature of a pension."

In 17 American Jurisprudence, Page 410, Section 501, we find:—

"While marriage, in the eye of the law, is a civil contract, its consequences are of such vital importance to the body politic that the state, irrespective of the wishes of the parties thereto, imposes upon them a duty to have due regard for its interests therein. Consequently, alimony is founded not so much on the express or implied terms of the contract of marriage, as on the natural and legal duty of a husband to support his wife; it is an obligation, the enforcement of which is of such vital

concern to the state itself that the law will not permit him to terminate it by his own wrongful act in driving her to seek a legal separation or divorce. A decree for alimony, therefore, is not due and payable either as damages or as a penalty; nor is it a debt in the strict legal sense of that term, but rather a judgment calling for the performance of a duty made specific by the decree of a court of competent jurisdiction. * * *."

**Sec. 3105.18 R. C.,** states how alimony may be paid as follows:—

"The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

The test of whether the decree awarded alimony is met in **Holloway v. Holloway, 130 Oh St 214,** where the distinction is made between alimony and ordinary judgment. A judgment adjudicates that a sum of money is due and owing, and an order to pay alimony is a direct command of the court to pay.

I am impressed by the reasoning of counsel for defendant, Kathryn Day, cited in their brief, in which I concur:—

"* * * the reasonable conclusion is that where the court makes a direct order or command to one of the parties to a divorce to pay a sum of money or property, real or personal, in a lump sum or installments and that payment is deemed to be for the support of the payee, the decree is one for alimony. In the present case plaintiff-appellant Jack Fredericks was ordered to pay a specific amount of money for the benefit of defendant-appellee Gay Fredericks. This sum of money was for furniture for both the wife and children. If the court had not so ordered, the furnishings would have been returned to defendant-appellee Kathryn Day. The payment of this sum for the benefit of Elizabeth Fredericks is just as certainly alimony as if the money was to be paid directly to her, especially since the 'save harmless' clause was included."

Plaintiff contends that the "Juvenile Court erred prejudicially to plaintiff in other respects manifest from the face of the record." Plaintiff has failed to comply with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly I will not pass upon this assigned ground of error.

In the majority opinion my associates say "since the Juvenile Court found John W. Fredericks not guilty of any contempt of that court" I conclude, as my associates conclude that "there is no basis for disturbing that finding and the same is therefore affirmed."