KADEL *v.* KADEL.

[Cite as Kadel v. Kadel, 21 Ohio Misc. 232.]

(No. 59798—Decided February 20, 1969.)

Common Pleas Court of Clark County.

*Mr. Thomas H. Busch*, for plaintiff.
*Mr. Thomas E. Hackett*, for defendant.

GOLDMAN, J. The issue before this court is whether or not an obligation resulting from an order issued in a decree of divorce, directing defendant to pay certain moneys to plaintiff, was discharged in bankruptcy.

The relevant facts are as follows:

On August 11, 1964, plaintiff filed her petition against defendant seeking a divorce, alimony (both temporary and permanent), and certain real property, and praying the court to determine the equity she had in a certain corporation which operated a restaurant in the city of Springfield, Ohio.

No answer having been filed by the defendant, the petition came on for hearing without contest on October 5, 1964, following which a decree of divorce was granted and the defendant ordered to pay plaintiff the sum of $50 per week for one year, and further to pay within one year the sum of $8,194.04, which the court found represented such interest as she possessed in the restaurant, and plaintiff was granted certain other relief as therein provided for.

The specific provisions that are involved in the instant matter are as follows:

"It is further ordered by the court that the said defendant pay or cause to be paid to the plaintiff herein the sum of $50 per week for one year; that such payments so ordered by this court be paid by the defendant through the Clerk of the Common Pleas Court, Clark County, Ohio, commencing on the date of the filing of this entry of final decree and continuing each week thereafter for a period of one year.

"It is further ordered by the court that, as a full and complete settlement of all moneys due this plaintiff from the defendant, the said defendant pay or cause to be paid to the plaintiff the sum of $8,194.04, representing such interest as she possessed in Kadel's Colonial Hideaway,

Inc., and more specifically the assignment of 250 shares of plaintiff's stock in Kadel's Colonial Hideaway, Inc., the owners of Kadel's Hideaway real property, to Worthington O. Kadel; that such sum so ordered by this court be paid by the defendant to the plaintiff within one year from the date of the filing of this entry.''

The decree of divorce was signed by counsel for the plaintiff and also by the defendant himself, thus signifying his awareness of the order made by the court and his waiver of any objection thereto.

Thereafter the defendant was cited into court on several occasions for his alleged willful failure to comply with both the order for weekly payments and for the payment of the sum which the court ordered him to pay within one year.

Finally, on June 3, 1968, upon application of the plaintiff, a judgment was rendered by this court for $100, which represented that portion of the weekly payments which still remained unpaid, and for $8,194.04, representing the lump sum which the defendant was ordered to pay within a year but which he had completely failed to pay; for a total sum of $8,294.04. On the same date charges in contempt were filed because of defendant's failure to comply with the orders of this court, and the defendant was further ordered to appear to show cause why he should not be punished for violating the orders of the court.

Thereafter, on November 4, 1968, hearing on the contempt citation was held, at which time the parties appeared in court with counsel and at which time evidence was taken.

At this hearing the defendant offered as a defense for his failure to comply with the orders of the court, and as a reason why he should not be cited for contempt, his discharge in bankruptcy. It appeared and it was agreed and stipulated that the defendant had filed his petition in bankruptcy on August 29, 1966, that the case was closed on December 9, 1966, and that plaintiff's claim for alimony and moneys due under the decree granting her a divorce *was not included* in defendant's schedule of debts, nor was plaintiff herself served with notice by the Bankruptcy

Court of such filing. (All emphasis by italics in this decision is by the court.)

At the hearing it was further established that plaintiff had remarried following her divorce, that her present husband from whom she is now estranged was a creditor of the defendant at the time the petition in bankruptcy was filed, and that her husband as creditor actually did receive formal notice of the bankruptcy proceedings. However, plaintiff denied that she received similar notice, and was not certain as to whether she herself ever became aware of the bankruptcy proceedings during the period they were pending.

Under these circumstances, was the obligation imposed on defendant by this court discharged in bankruptcy?

Plaintiff contends it was not, because of the provision of the Bankruptcy Act itself. 11 U. S. Code, Section 35, titled "Debts not affected by discharge," provides in part as follows:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, *except such as * * * (2) are liabilities for * * * alimony* due or to become due, or for maintenance or support of wife or child. * * *"

Defendant, on the other hand, contends that the obligation imposed on the defendant was in fact a result of a property settlement agreement between the parties, as distinguished from alimony, and therefore was not exempt from discharge. Following the hearing, briefs were filed and the matter submitted to the court for decision.

The authority of the court to issue the order involved is found in Section 3105.18, Revised Code, which section is titled "Alimony," and is as follows:

"The court of common pleas may allow *alimony* as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"*Such alimony may be allowed* in real or personal property, or both, or *by decreeing a sum of money, pay-*

*able either in gross or by installments,* as the court deems equitable."

The evidence revealed that the sum of $8,194.04 which was awarded to the plaintiff in the decree reflected three loans which plaintiff had made in behalf of the defendant in order to acquire an interest in the restaurant business, which loans she had become obligated to repay. This award, therefore, was made after taking into consideration how the property which the parties owned came to either of them, as contemplated by the statute, and was also related to and obviously concerned with her future maintenance and support.

Defendant contends that this award was tantamount to a property settlement and was not, strictly speaking, "alimony." The few authorities submitted in support of defendant's contention suggest that in some instances differences between property settlements and alimony have been recognized, but only where there was in fact an agreement or contract between the parties themselves with respect to a division of their property. However, neither the decree nor the evidence offered warrants any finding that the order made by this court was a result of a contract or agreement between the parties respecting the same. On the contrary, this court finds as a matter of fact and law, for the reasons above stated and the language of the decree itself, that its order requiring defendant to pay the sums involved was in the nature of *alimony* as that term is used and understood under both the Ohio statute and the Bankruptcy Act. How the authorities have considered this subject may be gleaned from the following:

Thus, under Ohio law, *alimony is regarded as synonymous with a division of the property* belonging to the parties at the time of separation and decrees approving such agreement are not subject to modification. *Desjardins* v. *Desjardins,* 193 F. Supp. 210.

"Under the modern rule it has been held that alimony in a definite and determined amount, entered by agreement of the parties in a divorce and alimony action, with the approval of the court, is not a debt which is dischargeable

in bankruptcy." 18 Ohio Jurisprudence 2d, Divorce and Separation, Section 134; and *Greist* v. *Greist*, 19 Ohio Law Abs. 495.

"1. Anything allowed to a wife upon the granting of a divorce for the aggression of the husband is alimony, whether it be real or personal property or money.

"2. Whenever money or property is granted to a wife or husband because of the aggression of the other, the same is classed as alimony.

"4. The word alimony under the statutes of Ohio comprehends the right to award either money or property, or both.

"5. An order of the court in a divorce action by a wife based on the aggression of the husband, which adopts as its own a postnuptial agreement dealing for the most part with the payment of money, *is an allowance of alimony*, although the agreement also divests the husband of dower and gives the wife certain household goods, and notwithstanding the court did not describe the allowance as alimony." *Reed* v. *Reed*, 20 Ohio Law Abs 491, decided by the Court of Appeals for this district. Thus:

"A money decree for alimony, rendered in a proceeding for divorce and alimony, is not a provable claim under the bankruptcy statute of the United States of July 1, 1898. Hence, a discharge in bankruptcy does not work a satisfaction of such decree." *Lemert* v. *Lemert*, 72 Ohio St. 364.

See also 9 American Jurisprudence 2d, Bankruptcy, Section 793; 39 A. L. R. 1283; and Nadler, Law of Bankruptcy, 2d Ed., Section 790.

This court therefore finds as a matter of fact and law that the order requiring defendant to pay the moneys involved was in the nature of alimony and not a property settlement as envisaged by the decisions cited and submitted by defendant.

With respect to defendant's contention that plaintiff had notice of the bankruptcy proceedings and that the claim is therefore discharged notwithstanding his failure to list the same among his schedule of debts, assuming it

238

was dischargeable in the first instance, the following should be noted:

"Where notice or knowledge is claimed by the bankrupt, *he has the burden of proving the same* upon a showing by the creditor that his claim was either unscheduled or not properly scheduled. *Nor can notice or knowledge of bankruptcy proceedings be imputed or implied.*" Nadler, Law of Bankruptcy, Section 796.

In connection with this issue, the court finds that the defendant has failed to sustain the burden of proof, and finds that plaintiff neither had knowledge nor notice nor such awareness of the bankruptcy proceedings as required and contemplated by the Bankruptcy Act, and is therefore in any event not prevented from asserting her claim even though she filed no objection or claim in the Bankruptcy Court itself.

For all of the reasons above stated, this court finds that the defendant's discharge in bankruptcy did not satisfy the decree of court respecting the weekly payments of support or the lump sum of $8,194.04 which the court awarded to plaintiff and which it found was due, nor is such discharge in bankruptcy a defense to plaintiff's claim.

Plaintiff is therefore free to pursue any appropriate remedy to enforce and satisfy the order of court entered in the decree of October 5, 1964, and the judgment rendered against the defendant on June 3, 1968.

*Judgment for plaintiff.*