COLLINS *v.* SMITH.

(No. 52977—Decided February 26, 1971.)

Common Pleas Court of Scioto County.

*Mr. Richard L. Eisnaugle*, for plaintiff.
*Mr. Jack D. Young*, for defendant.

MARSHALL, J. The entry of divorce filed herein on February 11, 1970, provided in part, as follows:

"It is further ordered, adjudged and decreed that the plaintiff, Mary Aileen Smith, shall have as and for alimony and maintenance, the furniture used by the parties during their marriage and the 1967 Chevrolet 2-door sedan, now being used by her, as and for her sole property, free and clear of any claim of the defendant. The defendant is ordered to execute and deliver to the plaintiff as soon as

possible a good and clear title to the 1967 Chevrolet and is to save the plaintiff harmless from any debts or obligations that may be against said furniture or automobile at this time.''

On December 3, 1970, plaintiff filed a motion alleging that the defendant had filed bankruptcy; had not paid the amount owing on the note secured by a mortgage on said furniture and automobile; and that she had been required to pay thereon the sum of $660.88. She requested an order reducing that amount to a lump sum judgment in her favor against the defendant.

The defendant filed a memorandum denying liability for the reason that he had been discharged from that obligation through proceedings in bankruptcy, which discharge prevents the plaintiff from enforcing collection of the debt by reduction to a lump sum judgment.

The court finds that the defendant did receive a bankruptcy discharge as to the holder of the note and mortgage; that the plaintiff was not listed or notified as a creditor in the bankruptcy proceedings; and that the plaintiff has been required to pay the indebtedness by the creditor.

The first issue presented is:

Does the requirement that the defendant save the plaintiff harmless from liability on the joint obligation constitute an allowance of alimony or maintenance or support of a wife or child? Section 17 of the Federal Bankruptcy law provides:

''A discharge in bankruptcy shall release a bankrupt from all his provable debts. * * *, except such as * * * or for alimony due or to become due, or for maintenance or support of wife or child.''

Defendant contends that the provision referred to does not fall within the above exception.

We concur with the Seventh District Court of Appeals which took the position that a nearly identical provision constituted an award of alimony, and the obligation to save harmless cannot be discharged in bankruptcy. *Fredericks* v. *Fredericks*, 76 Ohio Law Abs. 296. R. C. 3105.18 provides:

"The Court of Common Pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments as the court deems equitable."

Here the order awarded the furniture and the automobile to the plaintiff as and for alimony and maintenance. As a concomitant of that award, the court included a direct order to the defendant to pay a sufficient sum of money to effect the discharge of an encumbrance against said property. If this had not been done the award would have been ineffective. This constitutes an award of alimony just as surely as if the defendant had been ordered to pay the money direct to the plaintiff, especially, in view of the requirement that the defendant was "to save the plaintiff harmless."

In view of this conclusion, it is not necessary to consider the effect of the failure of the defendant to list or notify the plaintiff as a creditor in his bankruptcy action.

The next issue concerns whether this provision is enforceable by the rendering of a lump sum judgment herein or must the plaintiff resort to an independent civil action?

R. C. 3105.061 provides:

"In any action arising under R. C. 3105.01 to 3105.99, inclusive, where the court has continuing jurisdiction of the subject matter and has once acquired jurisdiction over the person of the parties, the court shall retain jurisdiction over the parties until any judgment order or decree or modification thereof is complied with and satisfied. * * *"

We do not believe the Ohio Rules of Civil Procedure were intended to modify this power of the court.

The Fourth District Court of Appeals has held that:

"The provision in a divorce decree which, after making a specific order for support of minor children, imposes on the husband the duty to pay the mortgage on the

234

residence as long as the wife continues to reside therein, is an adjunct to the support order and under R. C. 3105.061 the court has continuing jurisdiction to modify such support order." *Reynolds* v. *Reynolds*, 30 O. O. 2d 380.

In the case of *Rossen* v. *Rossen*, 31 O. O. 2d 589, the Ninth District Court of Appeals held that where the decree of divorce required the defendant to pay medical and dental expenses incurred and to be incurred by the plaintiff, that order constituted an allowance of alimony, and the failure of the defendant to comply therewith would render him liable in contempt.

We conclude that this court has continuing jurisdiction with respect to the enforcement of the order previously made herein, and it is, therefore, ordered, adjudged and decreed that plaintiff be awarded judgment in the sum of $660.88.

*Judgment for plaintiff.*