COHEN, APPELLANT, *v.*
COHEN, APPELLEE. ▮

(No. 9-089—Decided January 28, 1983.)

*Mr. William T. Wuliger* and *Ms. Deborah J. Nicastro,* for appellant Alan M. Cohen.

*Mr. David Arnold,* for appellee Elizabeth Cohen.

HOFSTETTER, P.J. On July 11, 1980, defendant-appellee was granted a divorce from her husband, plaintiff-appellant. The care, custody, and control of the couple's two minor children were awarded to appellee.

On March 16, 1981, appellant filed a motion to modify visitation rights and a motion to modify custody. On April 30, 1981, the trial court entered judgment modifying the visitation schedule. On September 22, 1981, appellee filed a motion for attorney fees necessary to the defense of appellant's motions. The change of custody motion did not come on for hearing until November 17, 1981.

On November 20, 1981, the trial court entered a memorandum decision on the custody matter. Appellant had moved for dismissal without prejudice. Appellee objected. The trial court then ordered the motion to modify custody dismissed *with prejudice.* Judgment was entered on this matter in conformance with the memorandum decision on December 7, 1981.

On December 4, 1981, appellant filed a motion for relief from judgment and/or new trial. On December 28, appellee filed a motion for attorney fees necessary to defend against appellant's motion for relief from judgment and/or new trial. The trial court entered judgment granting appellant's motion for relief from judgment and dismissed appellant's motion to modify custody *without prejudice.*

On February 25, 1982, the trial court filed judgment entries on the matter of attorney fees for appellee to defend against appellant's motions. In respect to the motion to modify custody, the trial court granted appellee $9,224 in attorney fees. In respect to the motion for relief from judgment, the trial court granted appellee $1,649 in attorney fees.

On March 10, 1982, appellant filed his notice of appeal regarding both grants of attorney fees.

Inasmuch as appellant's two assignments of error raise essentially the same issues, they will be discussed together.

"1. The trial court erred to the prejudice of appellant by granting appellee's motion for attorney's fees to defend appellant's visitation and custody motions.

"2. The trial court erred to the prejudice of appellant by granting appellee's motion for attorney fees to defend appellant's motion for relief from judgment and/or new trial."

In *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92 [38 O.O.2d 224], the Ohio Supreme Court addressed the issue of an allowance of attorney fees in post-divorce decree proceedings. The court in that case, at page 95, ruled:

"* * * that a trial court does have the authority, after entry of a divorce decree, to order the divorced husband to pay his former wife a *reasonable* amount for attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage." (Emphasis added.)

One of the foundations of the *Blum* holding was the recognition by that court of the husband's financial responsibility to provide:

"* * * a reasonable allowance for expense money to employ the services of an attorney to prosecute or defend an action in a court concerning the enforcement of the duty of the divorced father — *within reasonable limits* — to support his minor children. *Otherwise, as a practical matter, a divorced father would be insulated from his obligation of support whenever the divorced mother did not have the resources to pay an attorney.*" *Id.* at 93. (Emphasis added.)

Appellant argues that, since *Blum* was a *post-decree enforcement* case, its rationale does not apply to the instant case which was for a *post-decree modification.* Language from *Blum* itself refutes this argument:

"Section 3105.061 of the Revised Code is further authority in support of the expense allowance order. It reads as follows:

"'In any action arising under Sections 3105.01 to 3105.99, inclusive, of the Revised Code, where the court has continuing jurisdiction of the subject matter and has once acquired jurisdiction over the person of the parties, the court shall retain jurisdiction over the parties until any judgment, order or decree or modification thereof is complied with and satisfied and the court shall *retain jurisdiction over said parties for the purpose of the modification of any order or decree relating to the support or custody of the minor children of the parties.*' (Emphasis added.)"

Although R.C. 3105.061 was repealed and superseded by Civ. R. 75 in 1971, we agree with the court's opinion in *Price* v. *Price* (1972), Cuyahoga App. No. 37197, unreported, that this supersession effects "no change in the court's authority to award legal expenses incurred after the decree." Accord *Collins* v. *Smith* (1971), 26 Ohio Misc. 231 [55 O.O.2d 370].

Appellant argues that appellee failed to establish the necessity of an award of attorney fees at either of the hearings. He also contends that, at the hearing on his motion to modify custody, appellee failed to present competent evidence to establish the reasonableness of the fees requested. Appellant does not challenge the reasonableness of the fees requested at the hearing on his motion for relief from judgment and/or new trial.

It is incumbent upon one seeking attorney fees to establish the reasonableness of those fees. *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85 [2 O.O.3d 65]. In presenting the case in support of her motion for attorney fees, appellee's attorney took the stand. He offered testimony on his services rendered and his hourly rate and introduced a number of exhibits. Appellant's attorney cross-examined the appellee's attorney, but called no witnesses to challenge either the reasonableness or necessity of the award of fees. The

court, in taking notice of the pleadings, evidence presented, and the complexity of the case, concluded the fees were reasonable. We cannot say that the court's finding of reasonableness constitutes an abuse of discretion or that it is contrary to the weight of the evidence.

In addition to the reasonableness of the fees, appellant contests the reasonableness of appellee's demand for them.

An award of attorney fees is within the sound discretion of the trial court. That discretion, however, is not without limit. Wary of the ramifications of establishing an absolute rule that a husband pay attorney fees incurred by a wife at any stage of a divorce proceeding, the courts have required that the demand be reasonable, within reasonable limits, or necessary in view of the circumstances. *Blum, supra; Stone* v. *Stone* (1954), 98 Ohio App. 240. In evaluating the reasonableness of a demand for attorney fees at stages in the divorce proceeding other than in the one at bar, reviewing courts have required that trial courts consider both the husband's ability to pay and the wife's need. To ignore the latter has been found to constitute an abuse of discretion. *Stone, supra.* It cannot be said, from the record before us, that the trial court ignored the question of the wife's need. It is presumed that the previously allowed alimony of $1,700 per month and child support of $500 per month based on the divorce decree were not intended to be used for the defense of future custodial proceedings, but, rather, for her own and her children's needs based on her lifestyle developed over the years before her divorce from the appellant. The trial court undoubtedly placed heavy reliance on the testimony as to appellant's annual income of approximately $108,000. It must be noted that the trial court, in its conclusions of law, stated the attorney's work was necessary for this matter. It also stated the court can accept the reasonableness of the fees as presented and the ability of the former husband to pay, and

that neither of these questions was raised in the presentation or defense. As the record before us supports those conclusions, it is untimely now to raise either for the first time on appeal.

The assignments of error, as presented, are not well-taken.

*Judgment affirmed.*

COOK and DAHLING, JJ., concur.