Defendant-appellant cross-appellee Tammy Jo McHenry (hereinafter appellant or Tammy) appeals from the trial court's order which: 1) granted the plaintiff-appellee cross-appellant William Cyril McHenry II (hereinafter appellee or William) the sum of $23,895 in attorney fees; and, 2) denied her request for attorney fees. William's cross-appeal contests the courts determination of legal custody.
As an overview, the basic procedural history and limited facts will be given here. Additional facts will be set forth as necessary under each assignment of error. Tammy and William were divorced in the State of Michigan in 1995. The Michigan divorce decree states that the parties were to have joint legal custody of their two children, William McHenry III, (dob 10/11/88) and James McHenry (dob 05/01/92). Tammy was granted physical custody of the children during the school year. William was to have physical custody during the summer months. Child support was paid by the non-custodial parent directly to the parent with physical custody. Child care expenses were divided equally between the parties and both parents were to have health insurance coverage for the children. The divorce decree specifies that since William and Tammy now reside in Ohio, the minor children were permitted to be removed from Michigan for the purposes of residing in Ohio. Finally, the court ordered that the parent without physical custody was to have liberal and reasonable visitation, including but not limited to every other weekend and at least two days per week, or as agreed by the parties. Major holidays were to be alternated and school vacation periods were to be equally divided or alternated. Tammy was permitted one week during the summer for vacation.
After living in Ohio for well over a year, Tammy decided to move with the children to the Chicago, Illinois, area. William testified that he first learned of this decision in June 1996 (T. 91). On July 11, 1996, before the Cuyahoga County Court of Common Pleas, Domestic Relations Division, William filed a petition to adopt a foreign decree and motion to modify the allocation of parental rights and responsibilities. The State of Michigan released jurisdiction to the State of Ohio on July 22, 1996.[1]
On August 23, 1996, William sought and obtained a restraining order to prevent the appellant from moving his children. Service was never obtained through the court system. A process server was hired and he unsuccessfully attempted service on the appellant six times.
Early in the morning hours of August 26, 1996, the appellee personally provided Tammy with a copy of the restraining order. At the time he did so, Avon Police Sergeant Roy Dreger was present. Sergeant Dreger was shown a copy of the restraining order at the hearing and he testified that he believed that it was the same as was shown to him that night (early morning). William indicated to the officer his concern that the children would be moved out of state. Tammy stated to the officer that "that was not going to happen." (T. 38.) Officer Robert Olds was present and also heard Tammy make the statement that she was not planning to leave the state (T. 44). Interestingly, Tammy herself testified that she informed the officers that she was not intending to leave the State of Ohio (T. 556). The appellant and the children left the State of Ohio for the State of Illinois at approximately 8:00 a.m. on August 26, 1996 (T. 555)
On September 11, 1996, William filed a motion to show cause (motion number 291802) and a motion for attorney fees (motion number 291803). In the first paragraph of the motion, William asks the court to order Tammy to show cause why she should not be held in contempt for interfering with his visitation rights.
On January 22, 1997, Tammy filed a motion seeking attorney fees incurred in the defense of this action. On March 26, 1997, William filed a request for shared parenting and a plan, to which Tammy filed an objection. A hearing was held before a magistrate beginning on April 28, 1997. The first magistrate's decision was issued on January 8, 1998. Both parties filed objections. The trial court found that the motion to modify custody had not been referred to the magistrate and then ordered the magistrate to make a finding as to custody based on the existing transcript and the subsequent stipulations of the parties.
On August 6, 1998, the magistrate issued a second opinion. Both parties filed objections. The trial court overruled the objections and adopted a visitation schedule. The trial court ordered that the issue of summer visitation be reset for hearing. An order granting William visitation for the entire summer was issued by the court on June 8, 1999.
The appellant sets forth three assignments of error.
The appellant's first and second assignments of error require consideration of similar issues of law and fact and will be determined together:
 THERE IS NO BASIS AT LAW IN WHICH ATTORNEY FEES COULD HAVE PROPERLY BEEN AWARDED AGAINST THE DEFENDANT-APPELLANT UNDER SECTION 3109.051(K) OHIO REVISED CODE.
 THE AWARD OF ATTORNEY FEES AGAINST THE DEFENDANT-APPELLANT WAS CONTRARY TO OHIO LAW. THE PLANTIFF (SIC)-APPELLEE FAILED TO DEMONSTRATE EITHER A BASIS AT LAW UNDER WHICH SUCH FEES WERE JUSTIFIED NOR DID HE PROPERLY DEMONSTRATE THAT AN AWARD OF $23,895.00 WAS EITHER REASONABLE, OR COMPENSABLE.
The appellant Tammy McHenry argues in her first assignment of error that since the court did not hold her in contempt with regards to interference with visitation, it had no basis upon which to award attorney fees. Tammy asserts that the court improperly assumed that motion number 291802 was a motion to hold her in contempt for failure to comply with visitation. Tammy argues that in motion number 291802, the appellee was seeking an order holding her in contempt for failure to adhere to an ex parte order restraining her from moving out of state with the children. In the second assignment of error Tammy asserts that the amount of the award was arbitrary and capricious.
This court notes that motion number 291802 is captioned simply as "motion to show cause." The first paragraph of the motion moves the court for an order "to show why [appellant] should not be held in contempt for interfering with [appellee's] visitation of his children." Thus, it is Tammy who is mistaken when she asserts that her contempt citation was not issued under motion number 291802 for interference with visitation. The appellee's affidavit attached to this particular motion does state that Tammy moved the children out of state despite actual knowledge of the restraining order, but the affidavit also makes various other allegations about William's inability to visit the children since the children were moved.
With regard to the award of fees to William, the magistrate determined:
 [Appellee] has incurred a total expense of $23,895.00 for attorney fees through 05/01/97 as a result of this action, based on 159.3 hours at a billing rate of $150.00 per hour. The Magistrate finds that attorney fees in the amount of $23,895.00 are reasonable and necessary under the facts of this case and that the amount of time expended on such services was fully compensable. Pursuant to O.R.C. 3109.051(K) the Magistrate concludes that [appellant] should pay [appellee's] reasonable attorney fees in the amount of $23,895.00.
R.C. 3109.051(K) states that:
 If any person is found in contempt of court for failing to comply with or interfering with any order or decree granting companionship or visitation rights that is issued pursuant to this section, section 3109.11, or 3109.12 of the Revised Code, or any other provision of the Revised Code, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt, and may award reasonable compensatory visitation to the person whose right of visitation was affected by the failure or interference if such compensatory visitation is in the best interest of the child. Any compensatory visitation awarded under this division shall be included in an order issued by the court and, to the extent possible, shall be governed by the same terms and conditions as was the visitation that was affected by the failure or interference. (Emphasis added.)
The appellee's attorney testified as to her years of experience, her hourly rate, the number of hours she expended on this case and that the case may be considered unusual due to the jurisdictional question. The attorney testified that she included those hours expended on the petition to the State of Michigan to release jurisdiction and the petition to the State of Ohio to adopt a foreign decree and the motions address throughout the hearing (T. 494)
However, the attorney's testimony does not include a breakdown of hours expended in pursuit of motion number 291802, the motion under which Tammy was held in contempt. The trial court apparently, without finding the appellant in contempt for moving the children out of state, found that this entire case arose out of the appellant's move which denied the appellee visitation. While this court perfectly understands the trial court's desire to hold the appellant accountable for her decision, under the statutory framework the appellee may only recover fees incurred in relation to the appellant's act of contempt. The only act of contempt for which the appellant was sited was the denial of visitation. Since the appellant was not found in contempt for moving out of state, the trial court improperly assessed attorney fees for the entire case against her.
This court is forced to remand this assignment of error to the trial court for further hearing. The appellant's second assignment of error is moot under App.R. 12.
The appellant's third assignment of error:
 THE COURT'S DENIAL OF THE DEFENDANT-APPELLANT'S REQUEST FOR ATTORNEY FEES AND COSTS ASSOCIATED WITH THE SUCCESSFUL DEFENSE OF PLAINTIFF-APPELLEE'S NUMEROUS MOTIONS IN THIS CAUSE IS CONTRARY TO SECTION 3109.25(G) OHIO REVISED CODE AND THE STATED OHIO CASE LAW.
The appellant Tammy McHenry asserts in the assignment of error that she was entitled to an award of attorney fees under R.C.3109.25 and Cohen v. Cohen (1984), 8 Ohio App.3d 109. The appellant labels herself as the prevailing party.
R.C. 3109.25(G) states in pertinent part:
 (G) If it appears to the court that it clearly is an inappropriate forum, it may require the party who commenced the proceedings to pay, in addition to the costs of the proceedings in this state, necessary travel and other expenses, including attorney's fees, incurred by other parties or their witnesses.
The magistrate deemed the appellant's jurisdictional claims to be a Civ.R. 12(H)(3) motion to dismiss. The magistrate concluded that "Ohio has jurisdiction over this parental proceeding, and is an appropriate forum for adjudication of this matter. (O.R.C.3109.22(A)(1))" The appellant has not challenged the court's ruling on the issue of jurisdiction, but rather has merely challenged the trial court's refusal to award attorney fees. Likewise, this court shall refrain from addressing the question of jurisdiction and will address only the question of attorney fees.
The award of attorney fees under R.C. 3109.25(G) is permissible where it appears to the trial court that it is clearly an inappropriate forum. Here, the trial court found that it, indeed, was an appropriate forum. The trial court did not err in failing to award fees under this section. Additionally, the magistrate found that because it was not until the action was commenced that Tammy left the jurisdiction, it could see no equity in rewarding Tammy with an award of attorney fees under the circumstances. This court emphatically agrees.
Tammy also asserts that she is entitled to attorney fees under R.C. 3105.18(H). An award of fees on post-decree issues is within the discretion of the court. Rand v. Rand (1985), 18 Ohio St.3d 356; Cattren v. Cattren (1992), 83 Ohio App.3d 111; Cohen, supra.
Here, given the circumstances out of which this case arose and given that the appellant makes sufficient monies on her own, the court's refusal to award fees was justified. There was no abuse of discretion.
The appellant's third assignment of error is overruled.
The appellee cross-appellant William McHenry sets forth three assignments of error all contesting the transfer of custody to Tammy:
 THERE IS NO REASONABLE BASIS AT LAW IN WHICH THE TRIAL COURT GRANTED PLAINTIFF-APPELLEE/CROSS-APPELLANT'S MOTION TO MODIFY CUSTODY BUT THEN PROCEEDED TO DELETE HIS FULL SUMMER CUSTODY, TO ELIMINATE ONE OF HIS TWO MID-WEEK SCHOOL-YEAR VISITATIONS, AND TO LIMIT HIS TWICE-DAILY SCHOOL-YEAR TELEPHONE ACCESS TO TWICE PER WEEK.
 THERE IS NO REASONABLE BASIS AT LAW IN WHICH ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES WERE ALLOCATED TO DEFENDANT-APPELLANT, WHO DID NOT FILE A MOTION TO MODIFY ALLOCATION, AND THE MAGISTRATE BASED HIS DECISION ON THE ERRONEOUS FACT THAT SHE HAD BEEN THE PRIMARY CARE-GIVER.
 THERE IS NO REASONABLE BASIS AT LAW FOR THE TRIAL COURT TO ALLOCATE PARENTAL RIGHTS AND RESPONSIBILITIES TO DEFENDANT-APPELLANT WHEN IT DID NOT FOLLOW THE STATUTORY REQUIREMENTS OF R.C. SECTION 3109.04.
The appellee William McHenry asserts that the trial court erred when it granted his motion to modify parental rights and responsibilities, but then designated Tammy as the legal custodian of the children. William asserts that Tammy was not the primary care-giver and that the court, without stating its reasoning, deleted, diminished or curtailed his parental participation. Finally, William argues that the court failed to consider the factors in R.C. 3109.04.
The magistrate held that:
 After consideration of the factors contained in O.R.C. 3109.04(F)(2) the Magistrate concludes that shared parenting would not be in the best interest of the minor children because of the parties' inability to cooperate and make decisions jointly with respect to the children. One such decision of paramount importance is the possession schedule. The differences in the parties' proposed possession schedules is clear evidence of the parties' inability to cooperate and make decisions jointly with respect to the children.
 After considering the factors contained in O.R.C. 3109.04(F)(1) the Magistrate concludes that [Tammy] should be named residential parent and legal custodian of the minor children because [Tammy] has been the primary care-giver of the minor children during the majority of their lives, particularly during the pendency of this matter. By retaining [Tammy] as residential parent, the children's daily routine is likely to be least disrupted. After consideration of the factors contained in C.R.C. 3109.051(D), the Magistrate further concludes that [William] should have visitation with the minor children according to [Tammy]'s proposed visitation schedule . . . . (Emphasis original.)
In modification of a custody decree, the court must consider the factors in R.C. 3109.04. Braatz v. Braatz (1999), 85 Ohio St.3d 40. The intent of R.C. 3109.04 is to provide some stability to the custodial status of the children. Id. R.C. 3109.051, on the other hand, clearly governs decisions as to visitation.Braatz, supra. Custody issues are some of the most difficult and agonizing decisions a trial judge must make. Davis v. Flickinger
(1997), 77 Ohio St.3d 415, citing to Miller v. Miller (1988),37 Ohio St.3d 71. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her and such a decision must not be reversed absent an abuse of discretion. Id.
at 418. The Davis court noted that this standard of review is crucial in child custody cases where there may be much evidence in the parties' demeanor and attitude that does not translate to the record well. And this court notes that it has long been held that the determination of the children's best interest in a custody case is a factual decision. Pasqualone v. Pasqualone
(1980), 63 Ohio St.2d 96. An appellate court will not weigh the evidence. The factual determination will only be reversed if the trial court has committed an error as a matter of law. Id. at 106.
In the case sub judice, the trial court specifically stated that it considered the factors in R.C. 3109.04(F)(1) and (2). The appellant can present no evidence to the contrary. This court understands, and is sympathetic to, the appellee's belief that while it was the appellant who created these difficulties by violating an R.C. 3109.051(G)(1) and a restraining order when she unilaterally moved his children to another state, she was ultimately `rewarded' with sole legal custody of the children. On the surface, of course this seems inequitable. However, the court was required to, and did, enter an order solely motivated by the best interest of the children. The trial court was prohibited from considering notions of `punishment' and `reward'
The appellee's cross-assignments of error are overruled.
Judgment as to legal custody is affirmed, but reversed and remanded as to attorney fees.
This cause is affirmed in part and reversed in part.
The court finds there were reasonable grounds for this appeal. It is, therefore, considered that said appellant(s) and appellee(s) each pay their own costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES M. PORTER. A.J., and PATRICIA A. BLACKMON, J., CONCUR.
JAMES D. SWEENEY, JUDGE
[1] On September 11, 1996, William filed a notice with the trial court of the Michigan court's decision releasing jurisdiction to Ohio.