DECISION AND JUDGMENT ENTRY
The Ross County Court of Common Pleas granted Jeffery Mays ("Father") and Judy Mays ("Mother") a divorce, divided their property, ordered spousal support, and allocated the parental rights and responsibilities with respect to their two children. Father appeals, asserting that the trial court erred in awarding custody of the couple's younger child, Jarrett, to Mother. We disagree, and find that the trial court did not abuse its discretion or rule contrary to the manifest weight of the evidence in ordering that Mother may serve as Jarrett's residential parent. Father also asserts that the trial court's order of spousal support is arbitrary. We disagree, because evidence in the record supports the trial court's determination of the amount of spousal support due to Mother. Mother cross-appeals, asserting that the trial court did not award her adequate attorney's fees or child support, did not equitably divide a marital asset, and did not provide for the potential later discovery of undisclosed assets. We disagree because in each of these determinations, the trial court acted within its discretion and made findings supported by competent, credible evidence. Accordingly, we overrule all of the assignments of error presented by the parties and we affirm the judgment of the trial court.
 I.
The Mays married on December 24, 1984. Two sons were born as issue of their marriage: Jesse Ryan Mays, born October 27, 1985, and Jarrett W. Mays, born August 11, 1995. During the marriage, Father supported the family by working while Mother stayed at home with the children. Off and on throughout the marriage, Mother's son from a previous marriage, Jeffrey Moore, lived with them.
Mother filed for divorce on July 28, 1999. Father moved out of the marital residence and went to live with his parents nearby. The parties' elder son, Jesse, went with Father. The parties' younger son, Jarrett, and Mother's son from her previous marriage remained with Mother at the marital home.
While the divorce was pending, the parties' relationship was contentious, and each filed various motions with the trial court. Among them, each challenged the other's mental stability and ability to care for the children, particularly Jarrett. As a result, Father and Mother each submitted to a psychological evaluation by Dr. James Hagen. In a written report filed with the trial court, Dr. Hagen concluded that Mother has a thought disorder and opined that her ability to care for Jarrett may be compromised if she does not obtain treatment for the disorder.
At trial, Father presented evidence of Mother's delusional beliefs to support his contention that she is mentally unable to care for Jarrett. Mother presented evidence of Father's long work hours and violent outbursts in support of her contention that he should not have custody of Jarrett. Additionally, each party presented evidence of his or her parenting abilities.
The evidence showed that Mother intends to attend a two-year nursing education program, and that she has obtained grants and loans to help her in that endeavor. Father works as a manager for a large automobile dealership and is quite successful, but his earnings fluctuate based upon sales.
The trial court granted the divorce and ordered that Father serve as Jesse's residential parent and Mother serve as Jarrett's residential parent. The court ordered Father to pay child support in the amount of six hundred dollars per month, and spousal support for three years in the amount of one thousand dollars per month. The court ordered the marital home to be sold within six months, with seventy percent of the proceeds going to Mother and thirty percent going to Father. The court further ordered Father to continue to make necessary mortgage payments on the home and lease payments on Mother's Pathfinder vehicle. The court determined that Father was entitled to the entire five thousand dollar income tax refund from the 1999 tax year, which he received after filing under "married filing separately" status.
Father appeals the trial court's decision and entry, and Mother cross appeals. Father asserts the following assignments of error:
 The trial court abused its discretion in awarding custody of the minor child, Jarrett, to plaintiff/mother in that it totally disregarded the psychological evaluation of James Hagen, Ph.D., when it was supported by the testimony of other lay witnesses.
The award of physical custody to the mother is against the manifest weight of the evidence, and the trial court abused its discretion in awarding custody by its failure to follow the indicia as set forth in R.C. 3109.04(F)(1)(a)-(g).
The trial court abused its discretion in awarding spousal support in the sum of $1,000 per month to the mother as well as allowing her to remain in the marital home with the father paying the mortgage payments. The financial award was based on no testimony relative to the mother's financial needs.
 II.
The allocation of parental rights and responsibilities is within the trial court's sound discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,73-74; Bechtol v. Bechtol (1990), 49 Ohio St.2d 21, 23. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey (1952), 158 Ohio St. 9,13. Thus, an appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. In re Jane Doe 1, 57 Ohio St.3d at 138; Bechtol,49 Ohio St.3d at 23. When a parental rights award is supported by a substantial amount of credible and competent evidence, it will not be reversed as being against the manifest weight of the evidence. Bechtol at syllabus, following Trickey, supra.
 A.
In his first assignment of error, Father asserts that the trial court abused its discretion by failing to follow Dr. Hagen's recommendation with regard to Jarrett's residential parent.
A trial court's allocation of parental rights may differ from the recommendation of a psychologist, as long as the record contains some evidence that supports the allocation decision. Frost v. Frost (1992),84 Ohio App.3d 699, 709; In re Ramey (Dec. 12, 1999), Washington App. Nos. 98CA4 98CA28, unreported; Cupp v. Cupp (Nov. 24, 1998), Allen App. No. 1-98-48, unreported.
Father asserts that, by awarding custody of Jarrett to Mother, the trial court "totally disregarded" Dr. Hagan's opinion. Father further asserts that the trial court's disregard of Dr. Hagen's opinion amounted to an abuse of discretion because all the lay testimony at trial corroborated Dr. Hagen's opinion. Mother responds by arguing that: (1) the trial court did not, in fact, disregard Dr. Hagen's opinion; (2) psychological testimony is overused in the judicial process;[2] (3) Dr. Hagen's report is flawed; and (4) lay witnesses at trial contradicted Dr. Hagen's opinion.
Our review of Dr. Hagen's report reveals that he did not make a specific recommendation regarding whether Father or Mother should be Jarrett's residential parent. Rather, Dr. Hagen opined that Mother has a thought disorder, and that Father's concern for Jarrett's well being has merit if Mother does not obtain treatment for her thought disorder. Father and his father testified about observing Mother acting upon delusional beliefs. Mother and her mother, her sister, and two family friends testified that Mother is a good mother and who has never had, reported, or acted upon any delusional beliefs.
In its decision and judgment entry, the trial court ordered Mother to obtain psychological counseling, finding counseling necessary to serve Jarrett's best interests. We find that the trial court did not disregard Dr. Hagen's evaluation of Mother. To the contrary, the court followed the recommendation of Dr. Hagen closely. Additionally, we find that the record contains lay testimony supporting both parties' positions. Thus, evidence in the record supports the trial court's decision. The trial court did not abuse its discretion or disregard Dr. Hagen's report.
Accordingly, we overrule Father's first assignment of error.
 B.
In his second assignment of error, Father asserts that the trial court abused its discretion by failing to consider the factors enumerated in R.C. 3109.04(F)(1)(a) (g) when determining Jarrett's residential parent.
R.C. 3109.04(F)(1) states, in relevant part:
 The court shall consider all relevant factors, including, but not limited to:
(a) The wishes of the child's parents regarding his care;
 (b) * * * the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments * * * [.]
Additionally, although not an enumerated statutory factor, a party's role as a primary caretaker is a relevant factor that the trial court must consider in the best interest analysis. See Holm v. Smilowitz
(1992), 83 Ohio App.3d 757, 776; Thompson v. Thompson (1987),31 Ohio App.3d 254, 259; Winters v. Winters (Feb. 24, 1994), Scioto App. No. 2112, unreported.
In this case, both parties want custody of Jarrett and Jarrett is too young to express his wishes. Father presented evidence that Mother's son from a previous marriage is a bad influence on Jarrett, but Mother presented contrary evidence. Jarrett is presently adjusted to living with Mother and attending the pre-school she has selected. While Mother's mental health is somewhat questionable, the physical health of Father's parents, whom he has stated would watch Jarrett during some of his long hours at work, is likewise questionable. Additionally, Mother presented evidence that Father has a volatile, sometimes violent temper. The record contains only inconclusive evidence regarding each party's facilitation of visitation. The trial court found that Father made the majority of his required child support payments, but did have some arrearages. Finally, Mother has been Jarrett's primary caretaker throughout his young life.
We find that the above constitutes a substantial amount of credible and competent evidence supporting the trial court's allocation of parental rights with respect to Jarrett in accordance with the factors enumerated in R.C. 3109.04(F)(1). Thus, the trial court did not abuse its discretion, and its decision is not against the manifest weight of the evidence. Accordingly, we overrule Father's second assignment of error.
 III.
In his third assignment of error, Father argues that the trial court abused its discretion by ordering spousal support when the record does not contain any evidence concerning Mother's financial needs. Father further asserts that the trial court did not set forth the factual basis or rationale which supports the amount of the award of spousal support as required by Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus.
A trial court has broad discretion when determining an appropriate amount of spousal support. Bolinger v. Bolinger (1990), 49 Ohio St.3d 120,122; Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. However, the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) must guide the trial court's discretion. See Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. This court must give deference to a trial court's decision regarding spousal support unless the trial court abused its discretion. Blakemore,supra, 5 Ohio St.3d 217 at syllabus. An abuse of discretion involves more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Id. at 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re JaneDoe 1, supra, 57 Ohio St.3d at 137-138. An appellate court must be guided by the presumption that the findings of the trial court are correct because the trial court is in the best position to view the witnesses and weigh the credibility of the testimony. Id.
R.C. 3105.18(C)(1)(a)-(n) provides:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because [she] will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
The trial court must consider all the factors in R.C.3105.18(C)(1)(a)-(n) to determine the amount of spousal support. However, "some of the factors enumerated * * * are more pertinent than others in the process of reaching an equitable property division, while some are more relevant in ascertaining the need for and amount of sustenance alimony." Kaechele, 35 Ohio St.3d at 96.
We will first address Father's contention that the trial court did not make any findings regarding the factors it considered. R.C. 3105.18 does not require the trial court to make findings of fact. Platt v. Platt
(Nov. 6, 1996), Athens App. No. 96CA1735, unreported, citing Carman v.Carman (Mar. 11, 1996), Butler App. No. CA95-08-140, unreported. In addition, Father did not request findings of fact and conclusions of law as required by Civ.R. 52. Absent a request for findings, we must presume that the trial court considered all the factors in R.C.3105.18(C)(1)(a)-(n) and all other relevant facts. See Cherry,66 Ohio St.2d at 356. Therefore, the trial court did not commit error when it did not issue findings regarding the factors it considered.
Father next asserts that the trial court did not set forth a factual basis or rationale to support the amount of the spousal award pursuant toKaechele. Kaechele requires that the trial court indicate in sufficient detail the basis for the spousal support so that a reviewing court can determine that the spousal support is fair, equitable and in accordance with the law. Kaechele, 35 Ohio St.3d at paragraph two of the syllabus. However, Kaechele does not require that the trial court place the rationale or basis for the award in the divorce decree. See Platt,supra, citing Carman, supra and Fausey v. Fausey (Oct. 13, 1995), Montgomery App. No. 14673, unreported. Kaechele provides that either the trial court's decision or the record must indicate the basis for the award. Kaechele at 97.
Here, the trial court found that an award of spousal support in the amount of one thousand dollars per month for a three-year period was appropriate. However, the trial court did not provide its rationale or the basis for the amount of spousal support in the divorce decree.
The record in this case shows that the amount of the award is fair, equitable and in accordance with the law. The testimony indicates that the parties married approximately sixteen years ago. By agreement of the parties, Mother worked only sporadically outside the home, and contributed to the family primarily by caring for the children. The trial court calculated Father's annual income at approximately $77,121. The court imputed no annual income to Mother, as it will be inappropriate for her to work while she pursues her nursing degree over the next two years. Mother testified that during the separation, when she was earning income at a temporary job and receiving one hundred fifty-five dollars per week in spousal support from Father, she barely could make ends meet. Thus, during the period that she cannot work due to education demands, Mother will require more support. The three-year period of spousal support ordered by the trial court will enable Mother to complete her education and get established in a career. Therefore, we find that the amount of the spousal support is fair, equitable and in accordance with the law.
For the above stated reasons, we cannot conclude that the trial court's determination of the amount of the spousal support is so arbitrary, unreasonable, or unconscionable as to constitute an abuse of discretion. Accordingly, we overrule Father's final assignment of error.
 IV.
On cross appeal, Mother asserts the following five assignments of error:
 The trial court erred by not awarding adequate attorney fees to plaintiff.
The trial court erred in not setting father's annual earnings in the neighborhood of $100,000.
The trial court erred in deviating downward on computed child support.
The court erred in not ordering the parties to amend the 1999 tax return by filing jointly to garner the greatest possible refund, and then directing that the refund be divided evenly as a marital asset.
The trial court erred in not providing for the issue of undisclosed assets.
 V.
In her first assignment of error on cross-appeal, Mother asserts that the trial court erred by not awarding adequate attorney's fees to her. Mother asserts that a greater award of fees is appropriate given the parties' disparate incomes.
An award of attorney's fees is within the sound discretion of the trial court. Rand v. Rand (1985), 18 Ohio St.3d 356, 359; Cohen v. Cohen
(1983), 8 Ohio App.3d 109. An award of attorney's fees in a divorce proceeding is governed by R.C. 3105.18(H), which provides in part:
 When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees.
However, "the payment of attorney fees is primarily the function of theparty who retains the attorney. It is not an equal obligation of both parties." (Emphasis sic.) Bowen v. Bowen (1999), 132 Ohio App.3d 616,642-43, citing Farley v. Farley (1994), 97 Ohio App.3d 351, 357. While under certain conditions R.C. 3105.18(H) allows one party to a divorce to recover all or some of his or her legal fees from the other party, "the trial court must make the determination equitably and fairly to serve the ends of justice." Id.
Although Father earns substantially more than Mother, this disparity alone is insufficient to support a contention that without an award of fees she would be prevented from fully litigating her rights and protecting her interests. Given the amount of support awarded to Mother and the fact that Father is assuming all marital debts, combined with the absence of evidence demonstrating Mother's inability to protect her interests adequately without an award, we find no clear showing of an abuse of discretion in the trial court's order requiring the parties to pay their own attorney's fees.
Accordingly, we overrule Mother's first assignment of error.
 VI.
In her second assignment of error, Mother asserts that the trial court erred in not setting Father's annual earnings at approximately $100,000. For purposes of calculating child support, the trial court determined that Father's annual income is $77,121.
The trial court's determination of Father's income constitutes a finding of fact. An appellate court reviewing the trial court's findings of fact must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. SeeIn re Jane Doe 1, supra, 57 Ohio St.3d at 138; Bechtol, supra,49 Ohio St.3d at 23. This standard of review is highly deferential; even "some" competent, credible evidence is sufficient to support the trial court's decision. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
In this case, the record reveals that Father's income varies from year to year based on sales. Father's adjusted gross income was $83,844 for 1997; $47,213 for 1998; and $100,306 for 1999. The court determined that $77,121 represents the average of Father's income over those three years. These facts constitute some competent, credible evidence supporting the trial court's determination that Father's annual income is $77,121.
Accordingly, we overrule Mother's second assignment of error.
 VII.
In her third assignment of error, Mother asserts that the trial court erred in deviating downward from the amount of child support that should have been ordered pursuant to the child support calculation worksheet. The trial court ordered Father to pay $600 per month in child support, although the child support worksheet estimates that he should pay approximately $796 per month.
Pursuant to R.C. 3113.215(B),[3] a rebuttable presumption exists that the amount of support calculated via the child support worksheet is in the best interest of the child. However, the trial court may deviate from the worksheet amount if that amount would be unjust or unreasonable based upon other payments ordered by the court. R.C. 3113.215(B)(3)(c). The court must enter both the worksheet-calculated payment amount and its reasons for deviation from that payment amount into the record. The decision of whether or not to deviate from the standard support guidelines is a matter within the sound discretion of the trial court.Jones v. Jones (Dec. 17, 1999), Highland App. No. 99CA9, unreported, citing Carpenter v. Reis (1996), 109 Ohio App.3d 499, 504; Todd v.Augustin (Aug. 10, 1999), Scioto App. No. 98CA2585, unreported. We will not reverse the trial court's decision absent a showing of an abuse of that discretion. Jones, citing Barney v. Barney (Mar. 4, 1997), Franklin App. No. 96APF06-754, unreported; Rientjes v. Rientjes (Oct. 18, 1995), Hamilton App. No. C-940787, unreported.
In this case, the trial court entered the child support worksheet into the record. The court stated in its decision that "[i]n light of the Court's orders with regard to payment of spousal support and the other financial obligations that the Defendant has been ordered to pay by this Court, the Court finds that the amount of child support called for by the guidelines is unjust, inappropriate and not in the children's best interest and that a child support payment of $600.00 per month is just, appropriate and in the children's best interest * * *." We find that the trial court made the required statutory findings and did not abuse its discretion by deviating from the payment amount calculated via the child support worksheet. Accordingly, we overrule Mother's third assignment of error.
 IIX.
In her fourth assignment of error, Mother asserts that the trial court erred in failing to order Father to amend his 1999 federal income tax return by filing jointly with Mother and splitting the refund with her. Specifically, Mother contends that the trial court penalized her for failing to present the court with a judgment entry in a timely manner.
In its July 21, 2000 decision in this case, the trial court ordered Mother to prepare a judgment entry reflecting the court's decision. Mother failed to do so in a timely manner, resulting in the court's delay in entering judgment until December 22, 2000. The trial court noted in its entry that, because Father was paying spousal support to Mother throughout this delay, and because the decision and entry provided for Father to pay support for three years following the date of entry, the delay effectively increased the total amount of spousal support Father was obligated to pay. Therefore, the trial court determined that Father was entitled to retain the entire income tax refund from 1999. Mother asserts that the trial court improperly penalized her, and that it should have ordered Father to amend the tax return, increasing the couple's refund, and then split the refund with Mother.
Trial courts are required to divide marital and separate property equitably between the spouses. R.C. 3105.171(B). This requires, in most cases, that marital property be divided equally. R.C. 3105.171(C)(1). However, if equal division would produce an inequitable result, the property must be divided in such a way as the court determines to be equitable. Id. As the trial court possesses a great deal of discretion in attaining an equitable distribution, the court's division of property
shall not be reversed absent an abuse of discretion. See, e.g., Holcomb,supra, 44 Ohio St.3d at 131; Worthington v. Worthington (1986),21 Ohio St.3d 73, 76; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. An abuse of discretion connotes more than an error of judgment or law; it suggests an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. See Masters v. Masters
(1994), 69 Ohio St.3d 83, 85; Blakemore, supra, 5 Ohio St.3d at 219.
The trial court's decision and judgment entry in this case indicate that the trial court made every effort to distribute the marital property equitably between the parties. In dividing the proceeds from the sale of the home, the trial court ordered that Mother receive seventy percent and Father receive thirty percent, rather than a fifty-fifty split. Similarly, the trial court ordered that Father was entitled to all the proceeds of the income tax refund. The equitable division of the marital property does not require every item to be divided equally. We cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably in ordering that Father may retain the entire income tax refund.
Accordingly, we overrule Mother's fourth assignment of error.
 IX.
In her fifth and final assignment of error, Mother asserts that the trial court erred in failing to provide for the issue of undisclosed assets. Mother contends that, because Father earned all the income in their family, he was in a position to conceal their assets. Mother requested the trial court to order that any assets Father concealed be given to her.
We note that Mother did not present any evidence that would even give rise to a suspicion that Father concealed assets from her. The trial court properly limited its order to the issues and evidence before it. Should Mother discover in the future that Father did conceal marital assets from the court, she has a remedy available to her under Civ.R. 60(B)(3). Therefore, we find that the trial court did not err in declining to order that any concealed assets become Mother's property.
Accordingly, we overrule Mother's fifth assignment of error.
 X.
In conclusion, we overrule each of Father's assignments of error on appeal. Additionally, we overrule each of Mother's assignments of error on cross-appeal. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee and Appellant share equally in the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[2] In support of this contention, Mother's counsel cites to a Rush Limbaugh radio talk show broadcast and a "recent bestseller" written by James Hillman and Michael Ventura. We note that these popular culture references carry no legal relevance or authority, and are inappropriate in a brief to this court.
[3] R.C. 3113.215 applied to the determination of child support at the time the trial court entered judgment. The statute was repealed, effective March 22, 2001, by Section 2, Am.Sub.S.B. 180. See Jones v.Brister (Aug. 6, 2001), Lawrence App. No. 00CA44, unreported.