OPINION
{¶ 1} In this accelerated calendar case submitted on the briefs of the parties, appellant, Charles C. Hall, appeals from a decision of the Geauga County Court of Common Pleas, in a domestic relations case where the trial court adopted the magistrate's recommendation that appellant pay appellee's, Cheryl A. Hall, attorney fees totaling $3,769.
{¶ 2} The following facts are relevant to a determination of this appeal. The parties were married on June 27, 1975, and five children were born as issue of the marriage. After nearly fifteen years of marriage, on February 20, 1990, appellee filed a complaint for divorce. On May 31, 1990, the trial court issued its judgment entry of divorce, indicating that the court had incorporated the parties' separation agreement. Additionally, the parties entered into a joint custody plan, in conjunction with a provisional joint custody decree, where issues such as custody, visitation, and child support obligations were addressed.
{¶ 3} Subsequently, on May 17, 2001, appellee filed a motion to show cause seeking to enforce a portion of the joint custody plan and two judgment entries. Specifically, the motion claimed that: (1) appellant failed to pay his share of the children's medical expenses not covered by insurance as required by the joint custody plan; (2) appellant failed to pay appellee for the children's medical expenses and attorney fees totaling $1,884.95 as ordered by the trial court in the January 21, 2000 judgment entry; and (3) appellant failed to make child support arrearage payments of $50 per month as required by the August 2, 1999 judgment entry. As a result of having to prepare and prosecute this motion, appellee also sought payment of reasonable attorney fees.
{¶ 4} With the exception of attorney fees, the parties reached an agreement as to all the matters raised in appellee's motion to show cause, which was memorialized in a judgment entry. As such, on September 11, 2001, a hearing was held solely on the issue of attorney fees.
{¶ 5} At the outset of the hearing, the parties stipulated that appellee's counsel's, Emil F. Sos, Jr.,'s ("Mr. Sos") hourly rate of $160 was reasonable. It was further stipulated that exhibit C1-4, an itemized statement of the services rendered by Mr. Sos, was an accurate and valid business record. Appellant, however, did not stipulate that Mr. Sos' fees were reasonable and necessary.
{¶ 6} In presenting the case in support of her motion for attorney fees, Mr. Sos offered testimony on his services rendered and hours spent thereto. Appellant's attorney cross-examined Mr. Sos but called no witnesses to challenge either the reasonableness or necessity of the award of fees. Further, no evidence was presented regarding appellant's ability to pay appellee's attorney fees.
{¶ 7} Thereafter, on September 17, 2001, the magistrate rendered his decision, recommending that appellant pay appellee the sum of $3,769 for attorney fees generated in preparing the show cause motion.
{¶ 8} After obtaining an extension, appellant filed objections to the magistrate's decision on October 17, 2001, setting forth several arguments. First, appellant maintained that since there was no finding of contempt, the trial court was not compelled to award attorney fees. Second, an award of $3,769 was grossly excessive. Third, the magistrate was without authority to award attorney fees because pursuant to R.C.3105.18(H), appellee failed to present evidence regarding appellant's ability to pay such fees.
{¶ 9} In conjunction with his objections, appellant provided the transcript of the hearing for the trial court's consideration. Appellant, however, did not provide the trial court with exhibit C1-4, the itemized statement of the services rendered by Mr. Sos, which was admitted before the magistrate.
{¶ 10} Civ.R. 53(E)(3)(b) provides that any objections to a finding of fact must be supported by a transcript, or affidavit if a transcript is unavailable, of all the evidence submitted to the magistrate relevant to that fact. Moreover, an appellate court is only permitted to review or rely upon materials that were before the trial court. State ex rel. Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d 728,730, 1995-Ohio-272; Allen v. Allen (Mar. 31, 2000), 11th Dist. No. 98-T-0204, 2000 WL 522420, at 3. Thus, this court is bound to review the trial court's decision in light of the evidence submitted thereto, which, in the case sub judice means a review of the transcript of the hearing.
{¶ 11} Having said that, we return to the procedural history of this case. Ultimately, in a judgment entry dated November 15, 2001, the trial court overruled appellant's objections. Accordingly, the trial court adopted the magistrate's recommendation that appellant pay appellee's attorney fees in the amount of $3,769, reasoning that "R.C.3105.18(H) does not apply to a show cause [proceeding] which does not involve spousal support."
{¶ 12} It is from this judgment appellant appeals, submitting two assignments of error for our consideration:
 {¶ 13} "[1.] The trial court erred in awarding plaintiff-appellee attorney fees by failing to consider defendant-appellant's ability to pay[.]
 {¶ 14} "[2.] The trial court abused its discretion by awarding plaintiff-appellee attorney fees that are unreasonable in light of the evidence presented[.]"
{¶ 15} In the first assignment of error, appellant contends that the trial court erred when it awarded attorney fees without making the necessary determination under R.C. 3105.18(H) that he had the ability to pay such fees.
{¶ 16} The decision whether to award attorney fees is a matter within the sound discretion of the trial court. Cohen v. Cohen (1983),8 Ohio App.3d 109, 111; McLeod v. McLeod, 11th Dist. No. 2000-L-197,2002 Ohio 3710, at ¶ 119; Frederick v. Frederick (Mar. 31, 2000), 11th Dist. No. 98-P-0071, 2000 WL 522170, at 25. As such, absent a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court. Cohen at 111; McLeod, supra. "An abuse of discretion will not be found where an appellate court can discern the rationale underlying the award of fees and the record supports the award." Batesv. Bates, 11th Dist. No. 2000-A-0058, 2001-Ohio-8743, 2001 Ohio App. LEXIS 5428, at 13.
{¶ 17} In Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus, the Supreme Court of Ohio held that "[a] trial court has authority, after the entry of a divorce decree, to enter an order requiring the divorced husband to pay reasonable expense money to his former wife to enable her to pay attorney fees incurred in post-decree proceedings relative to the support of the minor children of the marriage."
{¶ 18} Contrary to appellee's assertion, the magistrate and the trial court were also acting within the scope of R.C. 3105.18(H) as this section is applicable to a post-divorce decree proceeding where a party is seeking attorney fees in a modification or enforcement of child support action. Quinn v. Quinn (Dec. 17, 1999), 11th Dist. No. 98-G-2185, 1999 WL 1313621, at 3 (holding that authority for the trial court to award attorney fees is found in R.C. 3105.18(H) where husband instituted an action to terminate child support and wife countered by seeking an increase in child support); Rose v. Rose (Apr. 27, 1999), 10th Dist. No. 98AP-877, 1999 WL 252665, at 4; Cox v. Cox (Apr. 8, 1997), 10th Dist. Nos. 96APF07-889 and 96APF08-990, 1997 WL 170303 at 7.
{¶ 19} In the instant matter, appellee concedes to the fact that the purpose of her May 17, 2001 motion to show cause was to "enforc[e] child support obligations and the payment of attorney fees for such enforcement expenses." Likewise, our review of the record indicates that appellee filed her motion to show cause in an effort to have appellant comply with the joint custody plan and prior court orders concerning child support obligations. Thus, R.C. 3105.18(H) is applicable because appellee's motion to show cause constituted a post-divorce decree proceeding to enforce child support obligations.
{¶ 20} In evaluating the reasonableness of a request for attorney fees in a post-divorce decree proceeding, the trial court must consider the former spouse's ability to pay. Cohen at 111. As such, R.C. 3105.18(H) provides the following:
 {¶ 21} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." (Emphasis added.)
{¶ 22} Thus, before the trial court may award attorney fees to a party in a divorce or post-divorce decree proceeding, it must consider two distinct factors:
 {¶ 23} "(1) the court must ascertain whether the other party has the ability to pay the requesting party's attorney fees; and (2) the court must consider whether either party will be prevented from fully litigating his or her rights and adequately protecting his or her interests if it does not award reasonable attorney fees." Frederick at 25. See, also, McLeod at ¶ 122; In re Bobb (Nov. 8, 1994), 10th Dist. No. 94APF01-38, 1994 Ohio App. LEXIS 5060, at 11.
{¶ 24} Here, neither the magistrate nor the trial court made such findings. Arguably, the trial court was aware of appellant's financial status because the court had presided over various aspects of this divorce case for over a decade. This, however, does not support the determination that appellant was able to pay appellee's attorney fees.
{¶ 25} The movant requesting attorney fees, in this case appellee, had the burden of demonstrating that she was entitled to such fees. Cohen at 110. However, no evidence was presented by appellee at the September 11, 2001 hearing illustrating appellant's current financial status to support the contention that he had the ability to pay the fees. But, see, Kelly-Doley v. Doley (Mar. 12, 1999), 11th Dist. No. 96-L-217, 1999 WL 262165, at 7.
{¶ 26} In summation, the trial court erred in failing to use the two-prong test to determine whether appellee was entitled to attorney fees, and appellant's first assignment of error has merit. Accordingly, on remand, the trial court should consider if there is sufficient evidence to award attorney fees to appellee based on the determination of appellant's ability to pay and whether either party will be prevented from fully litigating his/her rights and adequately protecting his/her interests if attorney fees are not awarded.
{¶ 27} In assignment of error two, appellant contends that the factors contained in DR 2-106(B) were not considered in determining the reasonableness of attorney fees. In fact, appellant posits that the magistrate's findings are entirely contrary to the factors set forth in DR 2-106(B). In other words, appellant argues that the award of nearly $3,800 for prosecuting a relatively simple motion was excessive and unreasonable.
{¶ 28} In light of our holding in the first assignment of error that the trial court abused its discretion in adopting the magistrate's decision awarding attorney fees, the second assignment of error is premature.
{¶ 29} Based on the foregoing analysis, appellant's first assignment of error has merit while the second assignment of error is premature. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DONALD R. FORD, J., concur.