DECISION AND JUDGMENT ENTRY
{¶ 1} William T. Klintworth ("Appellant") appeals the trial court's award of attorney fees to Rebecca Sue Klintworth ("Appellee"), following the court's denial of Appellant's motion for contempt. Because the trial court did not abuse its discretion in awarding attorney fees to Appellee, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Appellant and Appellee married in September 1985 and had three children: two boys born in May 1988, and one girl born in September 1991. In October 2004, Appellee filed a complaint for divorce in the Washington County Court of Common Pleas. A final entry of divorce was entered on the docket of the trial court in May 2005. The entry represented that the parties entered into an oral separation agreement and *Page 2 
property settlement. In the entry, the court ordered that "[t]he savings accounts in the names of the children shall be paid to the children."
 {¶ 3} In February 2006, Appellant filed a motion for contempt arguing, in part, that Appellee possessed all information regarding the children's savings accounts and that she had sole access to those accounts. In the motion, Appellant requested that "the accounts * * * be closed * * * and bank checks issued to each of the children, along with verification that the accounts have been closed." Following a hearing on Appellant's motion for contempt, the court found the motion "without merit from the start." No appeal from that order followed, and no transcript from that hearing is contained in the record before us.
 {¶ 4} In December 2007, Appellant filed another contempt motion again arguing that Appellee "was ordered to give the parties' [now adult] boys their savings accounts, which she has not done." Appellee then filed a motion for attorney fees asserting that the issue presented in Appellant's contempt motion "has been previously litigated on at least one, if not two occasions, and been resolved adversely to Mr. Klintworth."
 {¶ 5} The court held a hearing on Appellant's second contempt motion in March 2008, during which it appeared that the only accounts at issue where the accounts of the couples' two adult sons. At the beginning of the hearing, Appellee moved to dismiss the motion on the grounds that the court had resolved the motion at a prior hearing. In response, Appellant represented to the court that after the previous hearing on the issue, Appellant went to the bank with one of his sons to retrieve the accounts, but were unsuccessful in doing so. With the agreement of the parties, the court took a recess so *Page 3 
that the parties could go to the nearby bank and discuss the matter with someone at the bank.
 {¶ 6} After the parties met with the bank, it was determined that the subject accounts were already in the names of the couple's adult boys and were presently accessible to them. As a result, the court ordered that Appellant's motion be dismissed and further stated that:
 This matter could have been taken care of, without all this motion and all this legality, and in fact, it's the boys' property. Mrs. Klintworth has done nothing to diminish that. All they've got to do is go over there and get, and it doesn't seem to be contested that anybody says that they don't know it's there.
The court then ordered that the contempt motion be dismissed and granted Appellee's motion for attorney fees, stating that the matter was "out of the hands of Mrs. Klintworth from get-go."
 {¶ 7} The trial court entered its judgment entry on March 20, 2008, ordering the dismissal of Appellant's motion and ordering that Appellant pay Appellee $267.25 in attorney fees.
 {¶ 8} Appellant appeals the judgment and asserts the following assignment of error: "THE LOWER COURT ERRED IN GRANTING APPELLEE'S PETITION FOR ATTORNEY'S FEES."
 II. {¶ 9} In his sole assignment of error, Appellant contends that the trial court abused its discretion when it awarded attorney fees to Appellee. Specifically, Appellant contends that because he was unsuccessful in his personal efforts to obtain information *Page 4 
from the bank regarding the subject accounts, he had no choice but to file a contempt action. He further contends that because he obtained the information that he needed as a result of his contempt motion, his action "did in fact bear fruit."
 {¶ 10} Pursuant to R.C. 3105.73(B), "[i]n any post-decree motion or proceeding that arises out of an action for divorce * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."
 {¶ 11} The Ohio Supreme Court holds that "an award of attorney fees is within the sound discretion of the trial court." Rand v. Rand (1985),18 Ohio St.3d 356, 359, citing Blum v. Blum (1967), 9 Ohio St.2d 92, syllabus; Wolf v. Friedman (1969), 20 Ohio St.2d 49; Cohen v. Cohen
(1983), 8 Ohio App.3d 109. Such "discretion will not be overruled absent an attitude that is unreasonable, arbitrary or unconscionable." Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 12} Here, the trial court granted Appellee's request for attorney fees after finding that the couple's two boys had control over their accounts since the time they turned eighteen. Thus, the order in the decree requiring the children's savings accounts being placed in the children's names was accomplished before Appellant filed his motion. Further, in denying the contempt motion, the court noted that Appellant's alleged uncertainty regarding the accounts could have been simply resolved without resorting to court intervention. This conclusion is supported by the parties' ability to resolve the *Page 5 
dispute by simply going to the bank during a recess in the hearing to obtain the necessary information. We find that the trial court did not abuse its discretion in considering such factors in awarding Appellee attorney fees.
 {¶ 13} Further, the court stated in its entry that the dismissal of Appellant's motion was based, at least in part, on the fact that Appellant previously filed a motion on the same issue, which was found to be without merit by the court. Ohio courts have found no abuse of discretion in awarding attorney fees where the award was based, in part, on the fact that a party's motion involves issues previously litigated between the parties. See Welty v. Welty, Ashtabula App. No. 2007-A-0013, 2007-A-0015, 2007-Ohio-5217, ¶ 40. We have no transcript of the hearing on Appellant's previous contempt motion, and as a result, we must assume that the trial court's conclusion in this regard is accurate.
 {¶ 14} Therefore, for the above stated reasons, we find that the trial court did not abuse its discretion in awarding attorney fees to Appellee.
 {¶ 1} Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 6 
It is ordered that the JUDGMENT BE AFFIRMED and appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and McFarland, J.: Concur in Judgment only. *Page 1